UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL J. HETTICK,

          Plaintiff,                        Civil No. 06-1861-HA

             v.                          OPINION AND ORDER

MICHAEL J.  ASTRUE,
Commissioner of Social Security,

          Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Daniel Hettick brings this action pursuant to 42 U.S.C. § 1383 (c)(3) of the

Social Security Act.  Plaintiff requests judicial review of a decision by the Commissioner of the

Social Security Administration (SSA) denying his application for Supplemental Security Income

(SSI) payments.  He seeks an order reversing the Commissioner's decision and remanding this

case for an award of benefits.

## ADMINISTRATIVE HISTORY

      Plaintiff protectively filed his application for SSI benefits on March 24, 2004 and alleged

disability beginning on either July 8, 1997, or in March 2000.  Tr. 13.[1]  He is ineligible for any

---

[1]      Citations beginning with "Tr." refer to pages in the official transcript of the
administrative record filed with the Commissioner's Answer.

1  - OPINION AND ORDER

SSI payments for any time prior to his SSI application in March 2004. His SSI application was denied initially and upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge [ALJ]. After a hearing at which plaintiff and a Vocational Expert (VE) testified, an ALJ concluded that plaintiff was not disabled. Tr. 13-20. After an unsuccessful appeal to the SSA Appeals Council, plaintiff filed this action seeking judicial review of the SSA's final decision.

## FACTUAL BACKGROUND

Plaintiff was forty-seven years old on the date of the ALJ's decision. Tr. 58. He completed one year of college training in horticulture. Tr. 68. He has worked as a janitor, forklift operator, material handler, and groundskeeper. Tr. 63, 298-99. He has not performed substantial gainful activity (SGA) since the alleged onset date of disability. Tr. 47.

Plaintiff alleges disability resulting from a combination of impairments, including asthma; gout that makes walking and using hands difficult; arthritic knees; status post knee replacement, left knee; status post right knee arthoscopy; inability to sit or stand for long periods; periodic seizures with residual mental and physical deficits of weakness and fatigue lasting several hours; chronic weakness and fatigue requiring frequent rest; dizziness and depression. Pl.'s Brief at 2 (citing Tr. 287-94). This court will address details of plaintiff's medical history as necessary in this ruling.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any SGA "by reason of any medically determinable physical or mental impairment"

that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience.  *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  *See* 20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Orn v. Astrue*, 495 F.3d  625, 630 (9th Cir. 2007) (citations and quotations omitted).  This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as

one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 15.

At step two, the ALJ found that plaintiff had the following severe impairments: osteoarthritis in both knees, alcoholism, seizure disorder related to alcohol withdrawal, gout, and asthma. Tr. 15-16.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 16. The ALJ determined that plaintiff had the RFC to lift and carry up to twenty pounds occasionally and ten pounds frequently; stand for one hour at a time and up to four out of eight hours; sit for two hours at a time and up to eight out of eight hours; walk fifteen minutes at a time and two out of eight hours; use his lower extremities in a non-forceful way (but needs to change positions at will); cannot use ladders or scaffolding;

cannot crawl; can occasionally use stairs or ramps; can occasionally stoop, kneel, or crouch; and must avoid fumes dust, smoke, extremes of heat and cold, and dangerous hazards.  *Id.*

At step four, the ALJ determined that plaintiff was not able to perform his past relevant work.  Tr. 19.

At step five, the ALJ heard testimony from the VE and determined that plaintiff could perform other work that exists in significant numbers in the national economy, including small products assembler, marking clerk, and storage facility rental clerk.  Tr. 20.

## QUESTION PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action for an award of benefits.  Plaintiff alleges that "his combined impairments are of a severity sufficient to preclude him from performing any work, and that he is, therefore, disabled."  Pl.'s Brief at 7.  Specifically, plaintiff argues that (1) the ALJ's RFC conclusions about plaintiff were wrong and arose from an erroneous analysis of evidence presented by plaintiff and his treating physicians, and (2) the ALJ failed to develop the record properly because plaintiff's testimony that "he suffered from depression, irritability, and personality problems" was ignored.  Pl.'s Brief at 13-14.

## DISCUSSION

### 1.    The ALJ's analysis of plaintiff's RFC was proper

Plaintiff first argues that the ALJ's conclusion about plaintiff's RFC "was incomplete and should have incorporated [plaintiff's] seizure problems and no vibration restriction."  Pl.'s Brief at 13.

6   - OPINION AND ORDER

In determining a claimant's RFC, careful consideration must be given to any evidence presented about symptoms, because subjective descriptions may indicate more severe limitations than can be shown by medical evidence alone. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 (9th Cir. 2007) (citations and internal quotations omitted). Although plaintiff's contentions are unclear, counsel reiterates in a variety of ways that the ALJ's analysis of plaintiff's RFC was incomplete because it failed to fully incorporate plaintiff's seizure problems and the suggestion from two physicians that plaintiff should be restricted from "vibrations." Pl.'s Brief at 10, 11, 12, 13, 14.

The ALJ found that plaintiff suffered from the severe impairment of "seizure disorder related to alcohol withdrawal." Tr. 15. He noted that a treating physician commented upon plaintiff's recent withdrawal seizures "while in detox" and diagnosed plaintiff as being impaired by "seizures likely related to alcohol withdrawal." Tr. 16. The ALJ recognized that plaintiff suffers from "alcohol related seizures" but that the seizures "are not of the requisite degree of severity" to meet SSA listings. *Id.* The subsequent conclusions about plaintiff's RFC make no specific reference to seizures. *Id.*

The ALJ subsequently acknowledged that plaintiff testified to suffering from a seizure "every four months," and reiterated medical evidence that plaintiff suffered alcohol-related seizures. Tr. 18. The ALJ's analysis accepted that plaintiff needs three hours to recover from a minor seizure, and requires hospitalization for a major seizure. Tr. 18.

The VE's testimony regarding the evidence of plaintiff's seizure history was as follows: "If someone was disconnected, in any way, for three hours at a time during a workday, that would not be an accepted practice" regarding sustained employment. Tr. 302. Similarly,"

uncontrolled or sporadic" blackouts "would eventually impact" a person's ability to keep a competitive job."  Tr. 301.

This court rejects counsel's contentions that the ALJ misstated representations by plaintiff's treating physicians (and particularly rejects counsel's allegation that the alleged misstatements were committed by the ALJ "in an attempt to avoid granting [plaintiff's] claim"). Pl'.s Brief at 11.  Regardless of whether there was persuasive evidence that the source of (some of) plaintiff's seizures was unrelated to alcohol consumption, plaintiff's testimony regarding his seizures – which the ALJ accepted – was simply that they varied in severity and occurred once every four months.

Plaintiff's assertion that the seizure evidence "should have been accepted as part of Plaintiff's set of restrictions" is also rejected.  Assuming without deciding that the ALJ was compelled by the record presented to include a specific restriction pertaining to plaintiff experiencing a seizure once every four months, the VE's testimony established that the omission of that restriction was harmless.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (error on the part of an ALJ that does not affect the result is harmless); *see also Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (even if an alleged error by the ALJ occurred, if it is inconsequential to the ultimate non-disability determination it is non-prejudicial).

Similarly, counsel's argument that the ALJ should have addressed the medical evidence regarding plaintiff's problems with "vibrations" more clearly in plaintiff's RFC is rejected. Assuming without deciding that a "vibrations" limitation should have been included in the RFC, plaintiff offers no evidence suggesting that the employment the VE identified as possible jobs for plaintiff would be precluded by a vibrations limitation.

8    - OPINION AND ORDER

This court concludes that the ALJ's assessment of plaintiff's RFC was complete, specific, and supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ( in making a proper RFC determination, "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints"). Consequently, the limitations presented in the hypothetical question posed to the VE were adequate and without error. *Id*. at 1217-18 (citing *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir.1989).

### 2.    The Commissioner met the duty to develop the record

Next, plaintiff contends that the ALJ failed to fulfill the duty to fully and fairly develop the record. Plaintiff argues that "the ALJ had no basis to understand the extent of [p]laintiff's mental impairment in order to evaluate how the mental impairment affected Mr. Hettick's ability to work" and that "the ALJ was required to obtain a consultative examination." Pl.'s Brief at 15-16 (citation omitted). Because of this, plaintiff argues, "the ALJ's conclusion regarding [p]laintiff's mental capacity was based on no evidence." Pl. Brief at 15.

A claimant bears the initial burdens of proving disability. However, the ALJ also has "a special duty to fully and fairly develop the record and assure that the claimant's interests are considered." *Hayes v. Astrue*, 2008 WL 686867, *2 (Ninth Circuit March 12, 2008) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam).

Some responsibility to develop the record rests with the ALJ in part because disability hearings are inquisitorial rather than adversarial in nature. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Administrative regulations also mandate the ALJ to look "fully into the issues"

at hearings.  20 C.F.R. §§ 404.944 and 416.1444; *see also Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989).

      Fulfilling the duty to develop the record may compel the ALJ to consult a medical expert or to order a consultative examination.  *See* 20 C.F.R. §§ 404.1519a and 416.919a; *Armstrong v. Comm.*, 160 F.3d 587, 590 (9th Cir. 1998) (the ALJ may be required to call a medical expert to assist in determining when the plaintiff's impairments became disabling in cases in which diagnoses of mental disorders existed prior to the date of disability found by the ALJ and evidence of those disorders prior to the diagnoses).  If the evidence presented is inadequate to determine disability, the ALJ is required to re-contact the medical source for additional information.  20 C.F.R. § 416.912(e).  *See also Thomas*, 278 F.3d at 958 (the requirement for seeking additional information is triggered when evidence from a treating medical source is inadequate to make a determination as to a claimant's disability).

      Relatedly, an ALJ must take reasonable steps to ensure that issues and questions raised during the presentation of medical evidence are addressed so that the disability determination is fairly made on a sufficient record of information.  *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998, as amended Jan. 26, 1999); *see also* 20 C .F.R. §§ 404.1527(c)(3) and 416.927(c)(3) (explaining how an ALJ may obtain additional evidence where medical evidence is insufficient to determine whether claimant is disabled); 20 C.F.R. §§ 404.1512(e) and 416.912(e) (obtaining additional information from treating doctors).

      Here, counsel elicited testimony from plaintiff at the hearing before the ALJ that indicated that a physician had prescribed medication to plaintiff for "depression and energy."  Tr. 294.  Counsel asked plaintiff to elaborate about his depression, and plaintiff testified as follows:

> Oh, I'm depressed really because I have a tough time
> sleeping at night and I don't, I think too much about [what] my
> future holds for me as far as a job because of all these negatives in
> my life and I just worry about issues that are important to my life,
> my future.  Maybe this medication will change my attitude a little
> bit, but, so far, it really hasn't done much for my personality.

*Id*.

The ALJ provided a thorough examination of the medical evidence presented.  Tr. 15-19. A number of physicians have treated plaintiff or reviewed his medical records, but no diagnosis of depression has been advanced in the record.  *Id*.  The ALJ noted that two Disability Determination Service (DDS) physicians, Bill Hennings, Ph.D., and Robert Henry, Ph.D., performed an assessment of plaintiff's mental health and found no evidence of depression or mental functional limitations.  Tr. 19 (citing Tr. 240-56).

The record lacks any substantive basis for suggesting that plaintiff suffers from the medically determinable impairment of depression, or that he suffers from depression-related symptoms that affect his ability to perform basic work activities.  The ALJ's duty to develop the record further was not triggered by plaintiff's brief references to medication prescribed to him for "depression and energy" and possibly related symptoms of sleeping and personality problems. *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001) (an ALJ need not designate an alleged impairment as severe until a claimant has shown a medically determinable impairment and proves that the impairment or its symptoms affect the claimant's ability to perform basic work activities); *see also Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (a "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence") (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *see also Harris v. Comm'r*, 2008 WL 533995, at

11 - OPINION AND ORDER

*11 (E.D. Cal. February 27, 2008) (duty to develop record is triggered if the evidence is ambiguous or upon the ALJ's finding that the record is inadequate).

Even accepting plaintiff's brief testimony regarding a possible mental impairment as substantive evidence, plaintiff never described his sleep or personality issues as being significant in any manner that affected his ability to perform work activities. Evidence presented from the physicians and medical experts regarding plaintiff's limitations similarly fails to suggest any link between plaintiff's possible depression and any inability to conduct himself appropriately or perform in a work setting. The record before the ALJ was unambiguous and allowed for the proper evaluation of the evidence. Accordingly, the duty to further develop the record was not triggered. *Mayes*, 276 F.3d at 459-60.

## CONCLUSION

The findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Daniel Hettick's application for SSI benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this ___31___ day of March, 2008.


   _/s/ ANCER L. HAGGERTY__
    ANCER L. HAGGERTY
    United States District Judge


12 - OPINION AND ORDER